# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RHONDA KAY VOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-1470-JTM-KGG |
| | ) |
| USD 259 WICHITA PUBLIC SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with her federal court Complaint alleging violations of the Americans with Disabilities Act, Plaintiff Rhonda Kay Voth has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). She also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as her Complaint (Doc. 1), the Court is prepared to rule.

### I.      Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 58 years old and single. (Doc. 3-1, at 1.) She lists no dependents. (*Id*., at 2.) She is not currently employed, but was most recently employed by Defendant as a human resources records assistant. (*Id*., at 3.) She lists no monthly income other than food stamps. (*Id*., at 4.) She does, however, indicate that "disability CUNA" is making her monthly car payment. (*Id*.) She does not indicate how much this payment is or whether she receives any additional payments or assistance from this organization.

Plaintiff does not own real property, but does own a modest automobile,

mentioned above. (*Id.*, at 3-4.) She indicates no cash on hand. (*Id.*, at 4.) She enumerates reasonable monthly expenses, including groceries, rent, gas, telephone, and car insurance. (*Id.*, at 5.) She also has numerous, significant, other monthly expenses and consumer debt. (*Id.*) She previously filed for bankruptcy in 1993. (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has reasonable monthly expenses which exceed her limited income. Thus, the Court finds Plaintiff has established that she is entitled to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.    Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing

factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

Having granted Plaintiff *IFP* status, *supra*, the Court finds that she has a limited ability to afford counsel, satisfying the first ***Castner*** factor. Plaintiff has been diligent in her search for counsel, establishing the second ***Castner*** factor. (*See* Doc. 4, 2-3.) The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint, satisfying the third factor. (Doc. 1.)

The Court now addresses the fourth ***Castner*** factor – Plaintiff's capacity to represent himself. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown her ability to represent himself by navigating the administrative agency charging procedure and drafting her federal court Complaint, which set out the operative facts to support her claims. (*See generally*, Doc. 1.) Further, although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her case. As such, her Motion to Appoint Counsel is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 13th day of February, 2014.

                                                          S/ KENNETH G. GALE
                                                        KENNETH G. GALE

                                                        United States Magistrate Judge