IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RHONDA KAY VOTH,

   Plaintiff,

v.          Case No. 13-1470-JTM

U.S.D. 259 WICHITA PUBLIC SCHOOLS,

   Defendant.

MEMORANDUM AND ORDER

Plaintiff Rhonda Voth filed this pro se employment discrimination lawsuit against U.S.D. 259 on December 23, 2013. On the same day, Voth filed her Motion for Leave to Proceed in forma pauperis (Dkt. 3) and Motion to Appoint Counsel (Dkt. 4). On February 13, 2014, the magistrate judge entered an order granting Voth in forma pauperis status but denying her appointed counsel. *See* Dkt. 5. Voth filed a motion for reconsideration of the order, which the magistrate judge denied on March 28, 2014. Dkts. 10 & 12.

The court now has before it Voth's Motion for Review of Magistrate's Order. Unlike Voth's previous pro se filings, this motion was prepared by an attorney who agreed to represent Voth in submitting this motion.

**I. Background**

Voth's complaint alleges that USD 259 discriminated against her because of her narcolepsy diagnosis in violation of the Americans with Disabilities Act and retaliated against her for contacting her union for support. In her Motion to Appoint Counsel,

Voth stated that she understood she had no constitutional right to an attorney in this civil case and that a court appointment in these circumstances is rare. She set forth a list of factors that she understood the court would review in determining whether to appoint counsel including the merits of her claims, her financial ability to pay an attorney, her diligence in attempting to secure an attorney, her ability to present the claims, and the nature and the complexity of factual and legal issues raised in the claims. Voth included a list of five attorneys she had contacted for representation. She completed and filed an Affidavit of Financial Status. She stated that her claims had been through both an informal and formal grievance process and that the tapes of the first and second hearings were altered. She added that she had been diagnosed with narcolepsy, after which she became a liability to the school district and was told to not discuss the issue with anyone.

In the magistrate judge's order, the court identified the factors it must consider in deciding whether to appoint counsel, which were the same as those listed in Voth's motion. Having granted Voth in forma pauperis status, the court found that she has a limited ability to afford counsel, satisfying that factor. The court noted that Voth had diligently sought counsel, establishing the second factor. Finding no glaring concerns on the face of Voth's complaint, the court found the merits of her claim sound for this determination. However, the court found that Voth had shown an adequate ability to represent herself.

The court noted "that the factual and legal issues in this employment discrimination case are not unusually complex." Dkt. 5, p. 4. The court found no basis to

distinguish Voth from the many untrained individuals who represent themselves pro se on various types of claims in courts through the United States on any given day. The court specifically noted that Voth had already shown she was able to navigate the administrative agency charging procedure and draft her federal court complaint setting out the operative facts supporting her claims. Finding Voth "an articulate individual with the ability to gather and present facts crucial to her case," the court denied her Motion to Appoint Counsel.

In her pro se Motion for Reconsideration, Voth stated that she had contacted several additional attorneys, but none would represent her. She said she had been denied unemployment for medical reasons since filing her complaint, as well as social security and KPERs disability. Finally, Voth stated that she has adequate documentation to plead her case, but she cannot prepare and present her case without the aid of counsel because of her anxiety and panic disorder. The court denied Voth's motion because she did not present sufficient reasons to appoint counsel. *See* Dkt. 12.

## II. Legal Standard – Motion for Review of Magistrate's Order

Magistrates are appointed by and serve under the supervision of district court judges. 28 U.S.C. § 631(a). The term of office of full-time magistrates is eight years and their salary is protected by statute against reduction, rather than by the Constitution. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988). They are not Article III judicial officers. The jurisdiction and powers of magistrates are governed by 28 U.S.C. § 636 and limited by the Constitution. *See* U.S. CONST. art. III, § 1.

Magistrates may hear and determine any pretrial matters pending before the court, save for eight excepted motions. 28 U.S.C. § 636(b). These eight motions are generally referred to as "dispositive" motions. Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A).

## III. Analysis

There is no constitutional right to counsel in a civil case. *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989). However, 28 U.S.C. § 1915(e)(1) allows a court to attempt to obtain counsel for an in forma pauperis person in a civil case. "In exercising its discretion to appoint counsel . . . the district court should consider: (1) the financial inability to afford counsel; (2) diligence in searching for counsel; (3) the merits of the claims; and (4) the ability to present the case without counsel. *Sandle v. Principi*, 201 Fed. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420–21 (10th Cir. 1992)).

Voth argues that the magistrate judge in this case applied the law incorrectly by failing to grant her motion after determining she was financially unable to pay for counsel, diligent in attempting to secure counsel and meritorious in her allegations of discrimination. Specifically, Voth argues that the magistrate's reliance on her ability to represent herself was inappropriate because none of the previous factors presented a "close case."

Voth's argument relies on cases requiring the court to first review financial ability, diligence in attempting to secure counsel, and merits of the claims, and then

4

allowing the court to analyze whether the plaintiff can represent herself only if these first factors reveal a "close case." *See Castner,* 979 F.2d at 1421 (stating "The fourth factor—the plaintiff's capacity to present the case without counsel—should be considered in close cases as an aid in exercising discretion."); *Kayhill v. Unified Gov't of Wyandotte Cnty,* 197 F.R.D. 454, 455 (D. Kan. 2000) (stating "In close cases, the Court considers a fourth factor—plaintiff's ability to present the case without counsel—as an aid in exercising discretion."). Voth argues that the magistrate did not indicate that any of the first three factors presented a close case, so the court should have appointed her counsel. Additionally, Voth argues that she cannot represent herself because of her narcolepsy and anxiety and panic attacks.

Voth's first argument is unconvincing because it relies on an inapplicable interpretation of the standard. The U.S. Court of Appeals for the Tenth Circuit does not appear to require this rigid two-step inquiry; rather, all factors may be considered at once. *See Sandle v. Principi*, 201 Fed. App'x 579, 582 (10th Cir. 2006) (citing the factors in *Castner* without any indication of any order of importance); *see also McCollum v. Kansas*, No. 14-1049-EFM, 2014 WL 3341139, at *2 (D. Kan. July 8, 2014) (citing the appropriate factors and then beginning with the plaintiffs' ability to present their claims). In her reply brief, Voth cites to *Coleman v. Gen. Motors*, No. 12-2305-CM (D. Kan. July 6, 2012) and *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM (D. Kan. Feb. 6, 2014) as examples of recent cases that cite to *Castner*'s two-step analysis of the four factors. However, the court denied counsel to the plaintiffs in each case based on an insufficient showing of at least one of the first three factors. As a result, neither case provides an

example of the court finding the first three factors met and granting appointed counsel to the plaintiff without considering whether she is able to represent herself.

Further, the court in *Coleman* found the complaint lacked merit, pointing out that the plaintiff had not provided a copy of her right to sue letter nor any administrative findings regarding her claims. *Coleman v. Gen. Motors*, No. 12-2305-CM, at 4. The court noted that an adverse administrative finding is a highly probative factor weighing against a plaintiff and that parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide highly probative information for consideration. *Id.* at 4–5.

These same issues arise in this case, and Voth does not provide any additional support for the merits of her claims in her motion for appointment of counsel or the present motion. As a result, the question of whether Voth has shown her claims are meritorious presents a "close case," and analyzing her ability to represent herself is not inappropriate even under the *Castner* formulation Voth asks the court to apply.

The court appreciates the difficulties Voth labors with due to her medical impairments. However, Voth has not shown the magistrate's conclusion clearly erroneous or contrary to law. Voth's discrimination claims are straightforward, and her impairments have not prevented her from adequately representing herself, as the magistrate previously concluded. For these reasons, the court denies the Motion for Review.

IT IS THEREFORE ORDERED this 28th day of July, 2014, that Voth's Motion for

Review of Magistrate's Order (Dkt. 14) is denied.


s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE